IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENNAN LANDY, individually and on behalf of all others similarly situated, <br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:19-cv-06830 <br><br><br><br><br> **Jury Trial Demanded** |

# CLASS ACTION COMPLAINT

1. Defendant Allstate Insurance Company ("Allstate") is a repeat Telephone Consumer Protection Act ("TCPA") violator. It knows that the TCPA prohibits nonconsensual autodialed and prerecorded-voice calls to cell phones, but it continues to accept business derived from such.

2. For example, Plaintiff Brennan Landy received an autodialed, prerecorded message call on his cell phone in July 2019. Landy answered the call, and was transferred to an Allstate agent, who provided Landy's information to Allstate.

3. Allstate issued a quote for insurance to Landy as a direct result of this telemarketing call. The call to Landy was completely unsolicited: The telemarketer that called Landy obtained Landy's information from a marketing list.

4. Plaintiff brings this action to secure redress for himself and the numerous other consumers whom Allstate has caused to be illegally called in violation of the TCPA. Given that these violations are widespread, and that Allstate has been sued multiple times for this same violation, a class action is the best means of obtaining redress for Defendants' illegal calling, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Brennan Landy is a natural person residing in Montgomery County, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39). At all relevant times, Plaintiff was the subscriber for the cellular telephone at issue.

6. Defendant Allstate Insurance Company is headquartered at 2775 Sanders Road, Northbrook, Illinois 60062.

**Jurisdiction & Venue**

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 47 U.S.C. § 227(b)(1)(A)(iii).

8. Additionally, the Court has subject matter jurisdiction pursuant to the class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, as each member of the proposed class of at least tens of thousands is entitled to up to $1,500 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a nationwide class, which will result in at least one class member residing in a state different from Defendant.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendant Allstate is headquartered in this District and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**TCPA Background**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy[,]" and found that "[b]anning such automated or prerecorded telephone calls … is the only effective means of protecting telephone consumers

2

from this nuisance and privacy invasion." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, §§ 2(5), 2(14) (1991) (codified at 47 U.S.C. § 227).

11. Some of the TCPA's most stringent restrictions pertain to calls placed to cell phones: The statute categorically bans the making of any non-emergency call using an automatic telephone dialing ("autodialed" or "ATDS") system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless with the "prior express consent" of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 638 (7th Cir. 2012) ("An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance."). The FCC—charged by Congress to develop the rules and regulations implementing the TCPA, *see* 47 U.S.C. § 227(b)(2)—has further strengthened this prohibition; for autodialed or prerecorded voice telemarketing calls made to cell phones on or after October 16, 2013, prior express *written* consent is required. *See* 47 C.F.R. § 64.1200(a)(2).

12. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations").

**Facts**

13. On or about July 19, 2019, Plaintiff received a call on his cell phone from (717) 969-9954.

14. When Plaintiff answered the call, a prerecorded voice message played that solicited insurance, and instructed Plaintiff to press a digit on his phone for more information.

3

15. After Plaintiff followed the prompt, he was connected to a call center representative who asked Plaintiff some basic personal information before transferring him to an Allstate insurance agent.

16. The Allstate insurance agent attempted to sell Allstate auto insurance to Plaintiff during the call.

17. As a direct result of the call, Allstate generated a quote through its online quote platform, and Plaintiff was emailed a quote for insurance, which bore Allstate's tradename and logo. Allstate both participated in developing and sending the quote, and authorized its exclusive insurance agent to use its tradename and logo in this manner.

18. The call to Plaintiff was made for the purpose of encouraging Plaintiff to purchase Allstate goods and services.

19. Allstate authorized its agent to engage in such telemarketing efforts to solicit Allstate insurance.

20. Plaintiff did not provide permission or consent, let alone prior express written consent, for this call. Plaintiff's name and information were obtained from a marketing list purchased for the purpose of selling Allstate goods and services.

21. The calls to Plaintiff and the class defined below were made using an automatic telephone dialing system, as that term is defined in the TCPA.

22. The calls to Plaintiff and the class defined below were also made using a prerecorded or artificial voice as those terms are defined in the TCPA.

23. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but it engaged those functionalities when it made the calls to Plaintiff and

the class. These calls were made with equipment capable of dialing numerous phone numbers in a short period of time without human intervention, as part of an automated process.

24. The equipment stored or produced telephone numbers to be called using a random or sequential number generator, and then dialed the numbers automatically. In other words, no human being physically dialed each digit of Plaintiff's and the other class members' telephone numbers to call their phones—the calls were made automatically pursuant to a computer program that was programmed to decide what phone numbers to call when.

25. The autodialer accessed a dataset of phone numbers, sorted through that dataset to determine which data to use to generate a list of numbers to call, generated a brand-new sequence for calling those numbers based upon complex algorithms, and then called the numbers. The dialer randomly and sequentially generated phone numbers for calling from a dataset, and then automatically called those numbers.

26. These violations were negligent. Alternatively, Defendant caused these calls to be made to Plaintiff and the other members of the class defined below intentionally. Defendant was well aware of the TCPA's prohibitions against use of autodialers in calls to consumers, but made the business decision to cause these calls to be made, anyway.

27. Upon information and belief, Allstate or its vendors keep records and data from which it can determine which autodialed calls were made without consent.

28. Plaintiff and the class have been damaged by these calls. Their privacy was improperly invaded, Defendant's calls wasted their time and temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendant's calls were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012)

5

(discussing congressional findings of consumer "outrage" as to autodialed calls).

### Allstate's Liability for the Calls at Issue

29. Allstate contracted with the insurance agency to serve as Allstate-exclusive agents for purposes of soliciting new business.

30. Allstate ratified the illegal calls to Plaintiff and the class defined below by accepting their benefit, including the benefit of advertising for Allstate insurance, the issuance of quotes for Allstate insurance, the receipt of applications for Allstate insurance, and sales of Allstate insurance derived from such calling. Allstate accepted these benefits while being aware that its agent was engaged in the lead-based, autodialed and prerecorded-voice telemarketing at issue in this case. Alternatively, Allstate willfully accepted these benefits despite being aware that it lacked knowledge of all material facts concerning its agents' telemarketing, when a reasonable person would have investigated further.

31. Allstate also manifested that the caller and agency had authority to act on its behalf by generating and issuing quotes through its online quote platform for Plaintiff and other call recipients, authorizing the use of its tradename and logo in communications with Plaintiff and other call recipients, actively participating in developing and sending the quotes, and in some instances accepting applications for and sales of insurance from call recipients, all as a direct result of such calls. Such conduct on the part of Allstate reasonably caused Plaintiff and other class members to believe that the caller and other Defendants had Allstate's apparent authority for the calls. Because Allstate cloaked the caller with its apparent authority for the calling at issue, it may be held liable for the calling on that basis, as well.

32. Allstate also granted the telemarketer and agent implied actual authority for the calling at issue. Allstate expressly approves of the use of lead-generated telemarketing to solicit

6

new business, and actively provides support for such telemarketing, including through reimbursements for outside telemarketing, and lead list scrubbing to ensure that calls are only being made to non-Allstate customers. As such, Allstate's words and conduct reasonably caused its agents to believe that Allstate consented to the calling to Plaintiff and the class on its behalf.

## Class Action Allegations

33. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and a class consisting of:

> All persons in the United States (i) to whom the entity that called Plaintiff (or someone on its behalf) called for the purpose of encouraging the purchase of Allstate goods or services (ii) to a cellular telephone number (iii) using the same or similar telephone dialing system used to call Plaintiff or a prerecorded voice message.

34. Upon information and belief, Defendants caused more than 1,000 cellular telephone numbers of persons meeting the above class definition in 2019.

35. Common questions of law or fact exist as to all members of the class, and predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

  a. Whether the calls at issue used an "automatic telephone dialing system" or an "artificial or prerecorded voice" as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

  b. Whether Defendant had "prior express written consent" to contact Plaintiff and the other members of the class when causing calls to be made to such persons' cell phones using an automatic telephone dialing system or an artificial or prerecorded voice, pursuant to 47 C.F.R. § 64.1200(f)(8);

  c. Damages, including whether Defendant's violations were performed

willfully or knowingly such that Plaintiff and the other members of the class are entitled to trebled damages under 47 U.S.C. § 227(b)(3).

36. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the class are the same: Defendant violated the TCPA by causing calls to be made to the cell phone number of each member of the class, including Plaintiff, using an automatic telephone dialing system or an artificial or prerecorded voice, without the requisite permission.

37. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing these claims vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

38. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of members of the class, such that joinder of all members is impracticable.

39. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

40. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even

realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

41. The identity of the class is, on information and belief, readily identifiable from Allstate and its vendors' (and subvendors') records.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (Autodialed and/or Artificial or Prerecorded Voice Call Violations)

42. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

44. Defendant initiated or caused to be initiated calls to the cellular telephone numbers of Plaintiff and the other members of the class defined above using an automatic telephone dialing system or an artificial or prerecorded voice.

45. These calls were made without regard to whether or not Defendant had previously obtained proper consent or permission from the called party to make such calls. Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the class when the calls were made.

46. Defendant's calls and violations were negligent. Alternatively, they were willful or knowing.

47. On information and belief, some of the calls to Plaintiff and the class were made

by vendors of Defendant. Defendant is liable for those calls, too.

48. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

49. Allstate has been sued for TCPA violations before, and knows about the TCPA's restrictions. It elected to cause the calls described herein to be made in spite of its knowledge and prior experience.

50. Because Defendant knew or should have known that Plaintiff and the other members of the class had not given prior express consent to receive its automated calls to their cell phones—and/or willfully caused such calls to be made to the cell phones of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA

51. Moreover, because it has been sued for TCPA violations before but failed to cease the illegal activity, it is clear that both money damages and injunctive relief are necessary to wrench proper compliance.

WHEREFORE, Plaintiff, individually and on behalf of the class, requests that the Court enter judgment against Defendant for:

    A. Certification of the class as alleged herein;

    B. A declaration that Defendant violated the TCPA as to Plaintiff and the class;

    C. An injunction to prevent further violations;

    D. Damages pursuant to 47 U.S.C. § 227(b)(3), as applicable;

E. Costs, expenses, and attorneys' fees, to the extent permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims so triable.

Dated: October 15, 2019                                          Respectfully submitted,

BRENNAN LANDY, individually and
on behalf of all others similarly situated,

By:   */s/ Alexander H. Burke*

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone:  (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

11